# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 26, 2014

## STATE OF TENNESSEE v. ROBERT DWIGHT DAVIS, ALIAS

**Appeal from the Criminal Court of Knox County**
**Nos. 90163, 87155B    Steven W. Sword, Judge**

---

**No. E2013-01797-CCA-R3-CD - Filed March 31, 2014**

---

Robert Dwight Davis, alias ("the Defendant"),[1] pleaded guilty to one count each of possession with intent to sell cocaine with priors, aggravated burglary, attempted aggravated robbery, and criminal impersonation. Pursuant to the plea agreement, the Defendant was sentenced to an effective sentence of sixteen years, to be suspended on "enhanced probation." Upon the filing of a probation revocation warrant, the Defendant was taken into custody, and a revocation hearing was held. At the conclusion of the hearing, the trial court revoked the Defendant's probation and ordered him to serve his original sentence in confinement. The Defendant timely appealed the trial court's ruling. Upon a thorough review of the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Robert Dwight Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Randall Nichols, District Attorney General; and Leland Price, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] It is the policy of this Court to use the name of the Defendant as written in the indictment. We cannot discern from the record why the indictment indicates that the Defendant's name is an alias.

# OPINION

## Factual and Procedural Background

On December 11, 2008, the Defendant pleaded guilty to one count each of possession with intent to sell cocaine with priors, aggravated burglary, attempted aggravated robbery, and criminal impersonation. In accordance with the plea agreement, the Defendant received a sentence of ten years' "enhanced probation" for his possession with intent to sell cocaine conviction and an effective sentence of six years' "enhanced probation" for his remaining convictions. The trial court ran these two sentences consecutively, for a total effective sentence of sixteen years' enhanced probation. On June 22, 2011, a probation violation warrant was issued, alleging the following probation violations: that the Defendant "has used marijuana consistently for over 2 years"; that the Defendant was behind schedule in the payment of his court costs and fees; and that the Defendant had not completed any of the treatment programs in which he had been enrolled through his enhanced probation. Following a hearing, the trial court dismissed the petition for probation revocation upon the Defendant's enrollment at a residential drug and alcohol rehabilitation program.

On May 13, 2013, another probation violation warrant was issued alleging the following violations: that the Defendant was unemployed; that the Defendant had tested positive for the presence of THC and cocaine; and that the Defendant had failed to pay his court costs and fees. The Defendant was taken into custody. The trial court held a probation revocation hearing on July 12, 2013.

At the hearing, the Defendant conceded that he was in violation of his probation. However, his counsel requested that the Defendant not receive reinstatement of his original sentence and instead receive ninety days' split confinement. Counsel reasoned that the Defendant "hadn't given up on probation" because he continued to report to his probation officer even after violating his probation.

The Defendant told the trial court that, since being in custody, he had found Jesus and had an employment opportunity upon his release. After considering the proof, the trial court stated regarding the Defendant's drug problems, "We've put you through every program that we have available to you, including CAPP. And you're not eligible for Drug Court. We've done Jellinek. We've done ITP, FATP. And nothing has worked." Accordingly, the trial court revoked the Defendant's probation and reinstated his original sentences to be served in confinement. The Defendant timely appealed.

**Analysis**

The Defendant contends that the trial court erred in requiring that the Defendant serve his original sentences in incarceration. On appeal, we will not disturb the trial court's decision to revoke probation absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); see also State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). We will grant relief only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" Shaffer, 45 S.W.3d at 555 (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Tennessee Code Annotated section 40-35-311 provides that, in a probation revocation proceeding, the court "may enter judgment upon the question of the charges as the trial judge may deem right and proper under the evidence adduced before the trial judge." Tenn. Code Ann. § 40-35-311(d) (Supp. 2011). And,

> [i]f the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence, and:
>
> (A) Cause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with [section] 40-35-310; or
>
> (B) Resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of probation and suspension is a technical one and does not involve the commission of a new offense.

Id. § 40-35-311(e)(1); see also State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Thus, the State only must prove that the defendant violated the terms of his or her probation by a preponderance of the evidence.

The Defendant concedes that he violated the terms of his probation. He asserts, nevertheless, that the trial court erred in reinstating the Defendant's original sentences. When a trial court revokes a defendant's probation, the court then may order the defendant to serve out his or her original sentence. See Tenn. Code Ann. §§ 40-35-310 (2010) and -311(e); State v. Taylor, 992 S.W.2d 941, 945 (Tenn. 1999). "This court has repeatedly cautioned that 'an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" State v. Juan Manuel Coronado, II, No. E2010-01058-CCA-R3-CD, 2011 WL 704543, at *3 (Tenn. Crim. App. Mar. 1, 2011), perm. app.

<u>denied</u> (Tenn. July 15, 2011) (quoting <u>State v. Jeffrey A. Warfield</u>, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999)) (other citation omitted).

The record indicates that the Defendant had violated his probation on a previous occasion but avoided the reinstatement of his sentences by enrolling in a drug rehabilitation program. As the trial court noted, the Defendant had been given many different opportunities for treatment of his drug issues, to no avail. Thus, there was no error on the part of the trial court in reinstating the Defendant's sixteen-year sentence in incarceration.

## **Conclusion**

The trial court did not err in revoking the Defendant's probation and ordering him to serve his original sentence in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
JEFFREY S. BIVINS, JUDGE